MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 1751*—*when judgment affirmed after striking. bill of exception from files.* Where on review assignments of error touch points appearing only by a bill of exceptions, which has been stricken from the record, the judgment will be affirmed.

---

## Harry J. Grimm, Executor, Defendant in Error, v. Clark Delivery Car Company, Plaintiff in Error.

### Gen. No. 22,134.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the March term, 1916. Reversed with finding of facts. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Harry J. Grimm, executor of the estate of Henry E. Grimm, deceased, plaintiff, against the Clark Delivery Car Company, defendant, to recover damages for the death of his testator. To reverse a judgment for plaintiff, defendant prosecutes a writ of error.

Henry E. Grimm while crossing Clark street at its intersection with Adams street in Chicago was struck by an automobile truck and received injuries resulting in his death. His executor brought suit against the defendant Clark Delivery Car Company, which owned the truck. Deceased was thirty-five years of age, physically active, with good eyesight and hearing.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Of the five eyewitnesses testifying, four testified substantially that the accident happened in this way: Under the downtown traffic regulations in Chicago the police officer directing the movement of traffic at street intersections blows one whistle as a signal for the traffic to move from north to south and vice versa. At this time the east and west traffic stands until the officer gives two whistles, when it moves, while the north and south traffic in turn stands still. Clark street runs north and south, Adams east and west. Deceased was at the southwest corner of the two streets, starting to go east across Clark on a line about four feet north of the south crosswalk across Clark. As deceased started easterly to cross Clark, the traffic, pursuant to the officer's single whistle, was going north and south, that is, deceased was going against the course of the traffic. The last vehicle in the procession going south, running about equidistant between the westerly street car track on Clark and the west curb, was the auto truck of the defendant. It was going about three to five miles an hour, no faster than vehicles ahead of it. There was some little space between it and the traffic ahead. As one of the witnesses testified, deceased seemed to walk right into the truck. He was struck by its righthand front corner and knocked down, falling under the wheels. This version of the accident was supported not only by the occurrence witness produced by the defendant, but also by three of the four occurrence witnesses testifying on behalf of the plaintiff. According to the single witness who was in disagreement with the others, when deceased started to cross the street the two whistle signal for the east and west traffic to move had been given; but in this he is contradicted by the police officer, the driver of the truck, and the pedestrians who saw the accident while they were waiting at the street corner for the two whistle signal which would clear the way for them to cross Clark street.

Grimm v. Clark Delivery Car Co., 199 Ill. App. 553.

BULKLEY, MORE & TALLMADGE, for plaintiff in error.

ELMER & COHEN, LEO KORETZ and JOHN A. IRRMANN, for defendant in error; LEO KORETZ and JOHN A. IRRMANN, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 475*—*what does not constitute preponderance of.* A preponderance of the evidence is not established by the testimony of one witness, directly contradicted by two at least equally credible witnesses, one of whom was called by the plaintiff itself.

2. ROADS AND BRIDGES, § 232*—*when evidence insufficient to establish negligence of driver of wagon in injuring pedestrian at crossing under control of traffic policeman.* In an action for damages for the death of the plaintiff's testator, killed by a vehicle while crossing a street at an intersection, where three out of four of the plaintiff's witnesses testified that the deceased attempted to cross the street while traffic was passing along it in accordance with the direction of a traffic policeman; and the other witness testified that the signal for the traffic to cease had been given before the deceased started across, which fact was denied by the policeman, the driver of the vehicle and other witnesses, preponderance of the evidence *held* to show lack of negligence of the defendant and lack of due care by the deceased.

3. ROADS AND BRIDGES, § 235*—*when pedestrian attempting to cross street before signal given by traffic policeman guilty of contributory negligence.* A pedestrian attempting to cross a street, at an intersection where traffic is under direction of a traffic policeman, while traffic is passing along such street and before the signal for it to cease has been given, is not exercising due care and caution for his safety.

4. ROADS AND BRIDGES, § 231*—*when driver of vehicle at street intersection where traffic under control of traffic policeman not negligent in injuring pedestrian.* The driver of a vehicle proceeding along a street, at an intersection where traffic is under the direction of a traffic policeman, at a lawful rate of speed and in accordance with the direction of the policeman stationed there, *held* not guilty of negligence in running into a pedestrian attempting to cross such street.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same tonic and section number.